UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRDETRA CHARK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-3056** |
| **EMC PROPERTY & CASUALTY COMPANY ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(d)(1) and to Continue Submission Date of Defendants' Motion to Dismiss Pursuant to FRCP 12(B)(1) (Doc. 28). For the following reasons, the Motion is **GRANTED**.

## LAW AND ANALYSIS

On November 10, 2020, Plaintiff Shirdetra Chark, a Louisiana citizen, filed her Complaint in this Court, alleging that jurisdiction was proper pursuant to 28 U.S.C. § 1332 as Defendants[1] are citizens of the states of Florida and Iowa. On March 22, 2021, Defendants filed their first Motion to Dismiss Pursuant to FRCP 12(B)(1),[2] alleging that Defendant Kyle Shehadi ("Shehadi") moved from Florida to Louisiana prior to Plaintiff's filing of her Complaint,

---

[1] Made Defendants in this matter are Kyle Shehadi, Kyle's Communication Construction & Maintenance, Inc., and EMC Property & Casualty Company.

[2] Defendants' first Motion to Dismiss was denied as moot without prejudice following the filing of Plaintiff's Amended Complaint. *See* Doc. 32. Defendants have since refiled their Motion to Dismiss and set it for submission on April 7, 2021. *See* Doc. 36.

1

therefore depriving this Court of subject matter jurisdiction. In response, Plaintiff filed the instant Motion for Leave to Conduct Jurisdictional Discovery and to Continue Submission Date, wherein Plaintiff requests that this Court allow her the opportunity to conduct limited discovery as to the citizenship of Defendant Shehadi and continue the submission date of Defendants' Motion to Dismiss.

"[W]hile a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact."[3] In such cases, the "court has authority to resolve factual disputes, and may devise a method . . . for making a determination as to jurisdiction, 'which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting an evidentiary hearing.'"[4] A party requesting jurisdictional discovery must present more than "[v]ague assertions of the need for additional discovery"[5] and demonstrate how discovery is likely to resolve a disputed issue of material

---

[3] In re MPF Holdings US LLC, 701 F.3d 449, 457 (5th Cir. 2012).

[4] Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd., No. CIV.A. 06-88-A, 2007 WL 2848154, at *1 (M.D. La. Sept. 24, 2007) (quoting Moran v. Kingdom of Saudi Arabia, 27 F.3d 169 (5th Cir. 1994)).

[5] Battaglia v. Fed. Emergency Mgmt. Agency, No. CIV.A. 10-4311, 2012 WL 601873, at *5 (E.D. La. Feb. 23, 2012), *aff'd sub nom.* Battaglia v. United States, 495 F. App'x 440 (5th Cir. 2012) (citing Reese v. Anderson, 926 F.2d 494, 499 n.5 (5th Cir. 1991)) ("Although Battaglia requests an opportunity to depose Warder and to discover 'various logs and documents,' he has failed to identify with any reasonable degree of precision what information he seeks to obtain from Warder, or which of the 'various logs and documents' he seeks to discover that have not already been provided by the United States.").

fact.[6] "'The Court possesses a substantial amount of discretion when addressing requests for jurisdictional discovery.'"[7]

Here, Plaintiff submits that that there is a genuine dispute of material fact as to whether and to what extent Defendant Shehadi moved to Louisiana prior to November 10, 2020—the day Plaintiff filed her Complaint. The Court agrees. To counter Shehadi's affidavit, Plaintiff presents evidence that Shehadi maintains a Florida state driver's license, drives a truck registered in Florida, and is listed as Defendant Kyle's Communication Construction & Maintenance, Inc.'s registered agent at his Florida address. The Court finds that Plaintiff has demonstrated a genuine dispute of fact as to whether Defendant Shehadi was domiciled in Louisiana on November 10, 2020. The Court will therefore allow Plaintiff to conduct limited discovery related to Shehadi's citizenship. Specifically, Plaintiff is granted 45 days from the date of this Order to take Shehadi's deposition and engage in limited written discovery solely on the issue of Shehadi's domicile. The submission date for Defendants' Motion to Dismiss is continued to May 19, 2021.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery Pursuant to FRCP 26(d)(1) and to Continue Submission Date of Defendants' Motion to Dismiss Pursuant to FRCP 12(B)(1) (Doc. 28) is **GRANTED**. Accordingly,

---

[6] *See* Hunter v. Branch Banking & Tr. Co., No. 3:12-CV-2437-D, 2012 WL 5845426, at *1–2 (N.D. Tex. Nov. 19, 2012) (and cases cited therein).

[7] *Id.* at *1 (quoting Bryant v. Holder, 809 F.Supp.2d 563, 571 (S.D. Miss. 2011)).

**IT IS ORDERED** that Plaintiff is granted leave to conduct limited jurisdictional discovery as outlined in this Order.

**IT IS FURTHER ORDERED** that the submission date on Defendants' Motion to Dismiss (Doc. 36) is hereby **CONTINUED** to May 19, 2021.

New Orleans, Louisiana this 9th day of March, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**